**Stephen Piucci, OSB # 821056**
steve@piucci.com
**Joe Piucci, OSB # 135325**
joe@piucci.com
PIUCCI LAW, LLC
900 SW 13th, Suite 200
Portland, OR 97205-1707
Tel: (503) 228-7385
*Lead / Local Counsel for Plaintiff*

**M. Ryan Casey, OSB # 152824**
ryan@rcaseylaw.com
CASEY LAW FIRM, LLC
PO Box 4577
Frisco, CO 80443-4577
Tel: (970) 372-6509
*Counsel for Plaintiff*

**Gillian L. Wade (*pro hac vice*)**
gwade@mjfwlaw.com
**Sara D. Avila (*pro hac vice*)**
savila@mjfwlaw.com
**Marc A. Castaneda (*pro hac vice*)**
mcastaneda@mjfwlaw.com
MILSTEIN JACKSON
FAIRCHILD & WADE, LLP
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067-6212
Tel: (310) 396-9600
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

SARAH VITORT, a consumer residing in
Oregon, individually and on behalf of all
others situated,

    Plaintiff,

 v.

THE KROGER COMPANY, an Ohio
corporation, FRED MEYER STORES, INC.,
an Ohio corporation, and DOES 1 through
100, inclusive,

    Defendants.

Case No. 3:20-cv-01317-AC

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE,
OR IN THE ALTERNATIVE, MOTION
FOR LEAVE TO FILE REPLY**

# <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ..................................................................................................1

II.  RELEVANT PROCEDURAL BACKGROUND ...................................................1

     A.   Plaintiff's Case ..........................................................................................1

     B.   Defendants' Motion to Dismiss .................................................................2

     C.   Findings and Recommendation of the Magistrate .....................................4

     D.   Plaintiff's Objections to the Findings and Recommendation ....................5

     E.   Defendants' Response Brief .......................................................................6

III. LAW AND ARGUMENT........................................................................................8

     A.   Rule 72 Procedure and Standards ..............................................................8

     B.   Defendants' Response Brief is not Limited to Responding to Plaintiff's
          Objections, Frustrates Rule 72's Specificity Requirement, and Prejudices Plaintiff .....11

     C.   Defendants' Response Brief Improperly Raises Untimely and/or
          Non-Specific Objections, which Should be Stricken......................................12

     D.   Alternatively, Because Plaintiff is Prejudiced, Plaintiff Requests Leave
          to File a Reply Brief............................................................................................12

IV.  CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                                     ***Page***

*Aguilera v. Att'y Gen. of Arizona*,
  No. 19-1788, 2021 WL 1751442 (D. Ariz. May 4, 2021) ...................................10

*Amaral v. Wachovia Mortg. Corp.*,
  No. 09-937, 2012 U.S. Dist. LEXIS 11059 (E.D. Cal. Jan. 31, 2012) ..............................9

*Canada v. United States*,
  No. 08-303, 2009 U.S. Dist. LEXIS 115704 (D. Colo. Dec. 11, 2009) .............................9

*Henley Drilling Co. v. McGee*,
  36 F.3d 143 (1st Cir. 1994) ..................................................................................9

*Heuser v. Wood*,
  No. 99-884, 2000 WL 36739825 (D.N.M. June 6, 2000)..................................13

*Howard v. Secretary of Health and Human Services*,
  932 F.2d 505 (6th Cir. 1991) ....................................................................10, 11

*Martin v. Ryan*, No. 13-381,
  No. 13-381, 2014 WL 5432133 (D. Ariz. Oct. 24, 2014)..................................10

*Star Envirotech, Inc. v. Redline Detection LLC*,
  No. 12-1861, 2016 WL 6877770 (C.D. Cal. Mar. 4, 2016)...............................10

*Sullivan v. Schriro*,
  No. 04-1517, 2006 WL 1516005 (D. Ariz. May 30, 2006) .........................9, 10

*Thomas v. Arn*,
  474 U.S. 140 (1985)...............................................................................................10

**Statutes**

21 U.S.C. § 301, *et seq.*..........................................................................................2, 6

21 U.S.C. § 337 ............................................................................................................3

21 U.S.C. § 343-1 ........................................................................................................2

O.R.S. §§ 646.605, *et seq*........................................................................... *passim*

O.R.S. § 72.3140.........................................................................................................2

**Rules**

FED. R. CIV. P. 9 ........................................................................................................................3, 8

FED. R. CIV. P. 12 ..........................................................................................................................2

FED. R. CIV. P. 72 ................................................................................................... *passim*

**Regulations & Guidance Documents**

21 C.F.R. § 101.22 ........................................................................................................................2

## I.    INTRODUCTION

Plaintiff, by and through undersigned counsel, respectfully seeks an order striking portions of Defendants' Response to Plaintiff's Objections to Findings and Recommendation, ECF No. 33. As detailed herein, Defendants' brief violates Federal Rule of Civil Procedure 72's limitations on response briefs and further frustrates its specificity requirement. The brief also introduces Defendants' untimely and/or non-specific objections to the Findings and Recommendation, also in violation of Rule 72. Attached hereto as Exhibit A is a copy of Defendants' Response Brief, wherein the portions of Defendants' Response that Plaintiff requests stricken are highlighted for the Court's review.

Alternatively, Plaintiff requests leave to file a reply brief. Though this relief is not contemplated by Rule 72 and would not alleviate the lack-of-specificity currently affecting the briefing, a reply would afford Plaintiff the opportunity to alleviate prejudice by giving her the opportunity to respond to additional arguments presented by Defendants. Notably, at least one argument presented by Defendants was not even made at the motion to dismiss stage. Plaintiff requests that the Court permit Plaintiff fourteen (14) days after entry of an order to file her reply.

Plaintiff has conferred with Defendants, who oppose both the motion to strike as well as the alternative relief, granting Plaintiff leave to file a reply.

## II.    RELEVANT PROCEDURAL BACKGROUND

The following procedural history is relevant for the adjudication of this Motion to Strike.

### A.    Plaintiff's Case

This case arose due to Defendants' deceptive marketing of their "Just Fruit…Spreadable Fruit" product (the "Product"), which Plaintiff alleges contains far more than fruit and likely misleads reasonable consumers. *See, e.g.,* Plaintiff's Complaint, ECF No. 1 ("Compl."), at ¶¶ 2, 3, 25-30, 52-59, 72, 77. In her complaint, Plaintiff alleged violations of Oregon's Unlawful Trade

Practices Act, O.R.S. §§ 646.605, *et seq*. ("UTPA") (Counts 1-5) and breach of implied warranty of merchantability, O.R.S. § 72.3140 (Count 6). *Id*. ¶¶ 45-170.[1]

**B.      Defendants' Motion to Dismiss**

On November 5, 2020, Defendants filed their Motion to Dismiss, ECF No. 16 ("Def. MTD"). Therein, Defendants moved to dismiss Plaintiff's claims on seven different grounds, as explained below. Though Plaintiff responded to each argument, she will not repeat them here, except for Plaintiff's express preemption arguments which are relevant for the instant motion.

(1)      First, Defendants sought dismissal of Counts 1-6 under Rule 12(b)(6) for failure to satisfy the reasonable consumer standard. Def. MTD at 6-11. Essentially, Defendants argued that reasonable consumers could not be misled because Plaintiff failed to allege that the product contains anything more than fruit. *Id.*

(2)      Second, Defendants argued Counts 1-6 are expressly preempted by the Federal Food Drug and Cosmetic Act (21 U.S.C. § 301, *et seq.*) ("FDCA"), as amended by the Nutrition Labeling & Education Act of 1990 ("NLEA"), 21 U.S.C. § 343-1, on grounds her claims impose new requirements not identical with federal law. *Id.* at 14-18. Defendants contended Plaintiff challenged the "blackberry" claim on the label in that the Product was not 'just blackberry.'[2] Defendants then presented argument that "blackberry" was in compliance with federal regulations pertaining to a food's "primary recognizable flavor." *Id.* (citing 21 C.F.R. § 101.22(i)(1)).

Plaintiff's opposition (relevant here) argued, *inter alia*, that Defendants misread Plaintiff's

---

[1] Plaintiff's causes of action were organized by UTPA sub-sections and further broken out by the particular ascertainable loss theory at issue. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss, ECF No. 20 ("MTD Opp.") at 3-5 (explaining loss theory associated with each cause of action).

[2] According to Defendants, "[d]espite the Fruit Spread label's compliance with section 101.22(i)(1), the gravamen of Ms. Vitort's Complaint is that the Fruit Spread contains ingredients other than blackberries." Def. MTD at 17.

complaint, as her claims did *not* challenge Defendants' use of the word "blackberry." MTD Opp. at 28-32. Rather, Plaintiff challenged Defendants' use of the word "Just" to mislead consumers into believing the Product contains "just fruit," which is not permitted under any federal regulation. *Id.*[3] In their reply brief, Defendants again reiterated that Plaintiff's "central gravamen" was that the Product did not contain only the type of fruit identified on the label. Defendants' Reply Brief, ECF No. 23 ("Def. MTD Reply) at 11.

  (3)  Third, Defendants argued that UTPA Counts 3 and 5 are impliedly preempted on the grounds that they are "solely based" on alleged FDCA violations and thus barred by 21 U.S.C. § 337(a). Def. MTD at 18-20.

  (4)  Fourth, Defendants sought dismissal of Counts 1-5 under Rule 12(b)(6), claiming Plaintiff failed to satisfy UTPA's ascertainable loss and causation requirements. *Id.* at 20-22.

  (5)  Fifth, Defendants moved to dismiss Count 4 under Rule 12(b)(6) for failing to adequately allege a false advertising claim under ORS 646.608(1)(i), arguing that UTPA sub-section only applied to bait-and-switch tactics. *Id.* at 22-23.

  (6)  Sixth, Defendants sought dismissal of Counts 1-6 for failure to satisfy Rule 9(b)'s heightened pleading standard. *Id.* at 23-25.

  (7)  Finally, Defendants sought dismissal of Defendant Fred Meyer, on the grounds that Plaintiff purportedly engaged in group pleading, and failed to plead sufficient facts as to that

---

[3] In a footnote, Plaintiff further explained:

> The gravamen of Plaintiff's allegations clearly relate to the word "Just" and added sugars rather than the *type* of fruit. But insofar ambiguity exists, this can be cured by striking just a few (typically parenthetical) phrases in the Complaint, namely: ¶ 3 (replace "the fruit…blackberries" with "fruit"), ¶¶ 26, 52, 71, 72 (strike "(namely…label)"), and ¶ 166 (strike "(i.e., the…label)").

MTD. Opp. at 32, fn. 17.

particular defendant. *Id.* at 25-27.

      **C.**    **Findings and Recommendation of the Magistrate**

      On September 13, 2021, the Magistrate Judge issued the Findings and Recommendation. ECF No. 24 ("F&R"). The F&R recommended dismissal of Counts 1-6 based on Defendants' first basis for dismissal: failure to satisfy the reasonable consumer standard. F&R at 5-14, 16. According to the F&R, because the Product only contained fruit (a finding with which Plaintiff strongly disagrees), the 'just fruit' claim was neither objectively false nor misleading. *Id.* Relying on third party sources (some of which were not cited by either party), the F&R separately analyzed the ingredients "fruit syrup" and "pectin" (but not the other ingredients) and determined they were actually "fruit." *Id.* at 9-12.

      The F&R also recommended dismissal of Counts 3, 5, and 6 based on Defendants' third basis for dismissal: implied preemption. *Id.* at 14-17. Though somewhat ambiguous, it did not appear however that the F&R fully embraced Defendants' reasoning that those causes of action, standing alone as they were pled in Plaintiff's complaint, were "solely based" on alleged FDCA violations. Def. MTD at 18-20. Rather, the F&R suggested that *because the UTPA claims should be dismissed on Rule 12 grounds*, the only 'remaining claims' (after the UTPA dismissal) would rely solely on FDCA regulatory violations. F&R at 16. Indeed, the F&R can be read to *reject* Defendants' reasoning, implying that absent the Rule 12 dismissal, the previous UTPA-based claims would *not* be solely based on FDCA regulations. *Id.*

      Also relevant here is the F&R's treatment of Defendants' second, fourth, fifth, sixth, and seventh bases for dismissal. Regarding Defendants' second argument (express preemption), the Court did note the possibility that Plaintiff's "Complaint *could* be viewed to assert a claim based on the inclusion of fruit other than the fruit identified and pictured on the label[.]" F&R at 7, fn. 2 (emphasis added). However, after evaluating the complaint and Plaintiff's brief, the F&R found

that "apparently, [Plaintiff] does not intend to pursue such claim." *Id.* Thus, the F&R found that "[c]onsequently, the court need not address this portion of Defendants' preemption argument." *Id.* at 14, fn. 6.

Regarding Defendants' fourth basis for dismissal (ascertainable loss and causation), the F&R expressly stated that it would not consider that question "[b]ecause the Court has recommended the dismissal of [Plaintiff's] claims [on other grounds]." F&R at 16.

The F&R did not address or respond to the portion of Defendants' motion comprising the fifth (false advertising), sixth (Rule 9(b)), and seventh (group pleading) bases for dismissal sought by Defendants.

### D.  Plaintiff's Objections to the Findings and Recommendation

Plaintiff timely served her objections to the F&R on October 14, 2021,[4] and Defendants served no objections. Plaintiff's Objections to Magistrate's Findings and Recommendation, ECF No. 29 ("Plaintiff's Objection" or "Pl. Obj.").

Plaintiff's Objection did not simply state her objection in the abstract; nor did it simply cut-and-paste portions of her previous brief. Rather, it was laser focused on the F&R's factual findings, characterizations of the Plaintiff's complaint, legal reasoning, and misguided reliance on some third-party sources but not others. Pl. Obj., *passim.* The entirety of Plaintiff's legal argument addressed the two bases of the Magistrate's recommended dismissal; namely the reasonable consumer standard as it applied to 'just fruit' (*id.* at 4-19) and implied preemption (*id.* at 19-22). Plaintiff did not merely rehash her previous arguments that she had non-preempted claims satisfying the reasonable consumer standard, but that the *Magistrate's reasoning* was flawed in

---

[4] Though the F&R set the objection deadline at September 30th (F&R at 17), Plaintiff sought and was granted an extension by the Court.

several respects. The Objection did *not* delve into the other five grounds upon which Defendants

sought dismissal.[5]

### E.    Defendants' Response Brief

On November 12th, Defendants filed their response brief. Defs.' Resp. to Pl.'s Objections

to F&R, ECF No. 33 ("Def. Resp."). As explained below, Defendants went well beyond

responding to Plaintiff's objections.

First, Defendants sought dismissal on additional grounds never reached by the Magistrate.

This is laid bare by Defendants' brief:

> [E]ven if the Court were inclined to rule differently on either issue
> (it should not), the Court should dismiss Ms. Vitort's claims for
> numerous other reasons that Judge Acosta did not have occasion to
> reach, namely: (1) the FDCA expressly preempts Ms. Vitort's
> claims because her claims effectively attempt to impose
> requirements regarding the Fruit Spread's characterizing flavor—
> i.e., blackberry—beyond those the FDCA imposes; and (2) Ms.
> Vitort's UTPA claims fail because (a) she fails to allege reliance,
> which is necessary to establish ascertainable loss, a requisite
> element for UTPA claims, and (b) she fails to allege a "bait and
> switch," as contemplated by ORS 646.608(1)(i).

*Id.* at 2. Defendants provided detailed argument (largely tracking their motion to dismiss briefing)

with respect to each additional ground for dismissal. *Id.* at 25-27 (express preemption), 27-29

(ascertainable loss and causation), and 29 (false advertising 'bait and switch'). Defendants make

---

[5] In the parties' Rule 37 conference, Defendants pointed to Plaintiff's 'incorporation' of her motion to dismiss briefing in justifying the breadth of their objection response. However, while Plaintiff included two admittedly inartfully-worded sentences regarding incorporation, they were made in reference to rejecting the limited holdings of the F&R, *not* every argument set forth in Defendants' motion to dismiss. *See* (emphasis added) Pl. Obj. at 1 ("This Court should *decline to adopt to F&R* for all of the reasons provided herein, as well as those provided in her [MTD Opposition], which Plaintiff incorporates herein), and 4 ("Plaintiff *objects to the F&R in its entirety*. In addition to the objections and arguments herein, Plaintiff incorporates her [MTD Opposition]"). As noted above, the entire argument in Plaintiff's Objection brief was limited to the F&R's findings and holdings.

clear that they are not responding to Plaintiff's Objection, but rather to arguments made by Plaintiff at the motion to dismiss stage. *See, e.g., id.* at 26 ("[i]n her Opposition to Defendants' Motion, Ms. Vitort raised three unpersuasive arguments that the FDCA did not expressly preempt her claims" and proceeding to analyze each). Plaintiff, by contrast, focused on the reasoning employed by the F&R, *not* arguments made previously by the Defendants.

The same can be said with respect to implied preemption, where Defendants essentially proposed alternative grounds for this Court to find implied preemption. Defendants recast the F&R's implied preemption holding as finding the UTPA claims were preempted as they were merely attempts to enforce federal regulations. Def. Resp. at 22-24. However, as noted above, the F&R appears to have found that the claims citing regulations could only be based on those regulations after the UTPA claims were dismissed on Rule 12 grounds.[6] Insofar as the F&R can be read to *reject* implied preemption absent the Rule 12 dismissal, Defendants are essentially objecting to the same.

Second, Defendants lodge objections to the F&R. The first is with respect to the F&R's express preemption finding that Plaintiff was not pursuing a "blackberry" claim. *Id.* at 25-26 After noting that the Magistrate was satisfied that Plaintiff was not challenging the "blackberry" claim, Defendants go on to argue that "[n]evertheless, Defendants maintain that express preemption remains an independent ground for dismissing Ms. Vitort's Complaint in its entirety." *Id.* at 25. Lengthy argument is provided in support of same. *Id.* at 25-26. Though Defendants attempt to

---

[6] The F&R is slightly ambiguous as to whether this was the sole basis for its opinion. As a result, in an abundance of caution, Plaintiff include argument regarding implied preemption that went beyond the apparent scope of the F&R's opinion. While Defendants were certainly entitled to respond to those arguments, their decision to ignore the reasoning relied on by the F&R amounts to an argument that this Court should utilize a different basis than the F&R in its implied preemption analysis. Further, since Defendants presented this argument in their response brief, as opposed through its own objection, Plaintiff has been denied the opportunity to respond.

construe the F&R as being devoid of any express preemption findings or holdings, as noted herein this is contradicted by the F&R's plain language. Whereas the F&R did not wade into other arguments put forth by Defendants (such as Rule 9(b)), it specifically analyzed the express preemption argument and explained why it declined to find Plaintiff's claims to be preempted on those grounds.

Defendants lodge another objection in its reasonable consumer analysis. As their brief explains:

> But [the Magistrate] also appears to have entertained the possibility that Claims Three and Five might survive on a different theory, namely that the label failed to conform with FDCA requirements. (*See* [F&R] at 14, 16.) He proceeded to reject this alternative theory, however, finding Claims Three and Five impliedly preempted. (*Id.* at 16.) Nevertheless, to the extent the Court reads Judge Acosta's F&R as suggesting Claims Three and Five survive even though Ms. Vitort failed to meet the reasonable consumer standard, Defendants respectfully disagree. Courts apply the same reasonable consumer standard to all UTPA claims. *See, e.g., Silva II*, 2017 U.S. Dist. LEXIS 179362, at *2, *5 (applying reasonable consumer standard to claims under ORS 646.608(1)(e) and (g)).

Def. Resp. at 22, fn. 4.

Third, Defendants make an entirely new express preemption argument not made in their motion to dismiss briefing. Defendants argue that "even if [Plaintiff's] claims never mentioned blackberries, the characterizing flavor regulations would still preempt them." *Id.* at 26. Plaintiff has had *no* opportunity to address this argument, at the motion to dismiss stage or the underlying Rule 72 briefing.

## III.    LAW AND ARGUMENT

### A.    Rule 72 Procedure and Standards

The Court may "designate a magistrate judge to…submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion[.]"

28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific written objections* to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2) (emphasis added).

Objections are not limited to those parties whose case was adversely affected by the F&R. For example, where an F&R only responds to a portion of a moving party's motion, and rules in the moving party's favor, the moving can lodge an objection to the extent it argues that the magistrate should have reached additional conclusions. *See, e.g., Canada v. United States*, No. 08-303, 2009 U.S. Dist. LEXIS 115704, at *3-4 (D. Colo. Dec. 11, 2009) (after magistrate recommended that defendant's motion for judgment on the pleadings be granted as to plaintiff's Colorado-based claims, defendant properly objected on grounds magistrate should have reached the additional conclusion that plaintiff's Florida-based claims should be dismissed as well); *Amaral v. Wachovia Mortg. Corp.*, No. 09-937, 2012 U.S. Dist. LEXIS 11059, at *1-3 (E.D. Cal. Jan. 31, 2012) (after magistrate recommended that the matter be remanded, defendant properly objected on grounds magistrate should have reached additional conclusion that judgment should be entered in its favor); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 151 (1st Cir. 1994) (defendants' decision not to challenge magistrate's failure to make additional findings precluded review on appeal).

With respect to the 'specific written' requirement, "[t]he rule requires specificity for good reason." *Sullivan v. Schriro*, No. 04-1517, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006). As one court explained:

> An obvious purpose of this authorized delegation was judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties…This efficiency would be lost if parties were permitted to invoke the de novo review of the district court merely by interposing general, non-specific objections to the magistrate's R & R. District judges faced with such objections would

> be forced to conduct de novo review of the entire R & R, duplicating
> the work of the magistrate judge.

*Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 147-152 (1985)). Thus, "[a] general objection to the
entirety of the magistrate's report has the same effect as would a failure to object. The district
court's attention is not focused on any specific issues for review, thereby making the initial
reference to the magistrate useless." *Howard v. Secretary of Health and Human Services*, 932 F.2d
505, 509 (6th Cir. 1991). ""[A]lthough the Ninth Circuit has not yet ruled on the matter, other
circuits and district courts within the Ninth Circuit have held when a petitioner raises a general
objection to an R&R, rather than specific objections, the Court is relieved of any obligation to
review it.'" *Aguilera v. Att'y Gen. of Arizona*, No. 19-1788, 2021 WL 1751442, at *2 (D. Ariz.
May 4, 2021) (quoting *Martin v. Ryan*, No. 13-381, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24,
2014)). Further, an objection can also be considered 'general' if it is merely 'cut and paste' from
prior briefing. *See Schriro* at *2 ("[r]eformatting the [underlying brief] as an objection provides
this Court with no guidance as to what portions of the R & R Petitioner considers to be incorrect").

Following the service of the objections, "[a] party may respond *to another party's
objections* within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2) (emphasis
added). The plain language of the rule mandates that parties serving responses not stray into areas
beyond the other party's objections. This is further underscored by the fact that the rule does not
contemplate reply memoranda without leave of court. *See, e.g., Star Envirotech, Inc. v. Redline
Detection LLC*, No. 12-1861, 2016 WL 6877770, at *1 (C.D. Cal. Mar. 4, 2016) (striking reply
brief as not permitted under Rule 72).

Following the submission of the objections and responses, "[t]he district judge must
determine *de novo* any part of the magistrate judge's disposition that has been properly objected
to." FED. R. CIV. P. 72(b)(3). With respect to portions of a magistrate's findings and

recommendations to which a timely objection is *not* made, the district court is free to apply whatever standard it chooses, but as the Advisory Committee notes, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

**B.    Defendants' Response Brief is not Limited to Responding to Plaintiff's Objections, Frustrates Rule 72's Specificity Requirement, and Prejudices Plaintiff**

As noted above, there is no dispute that Defendants' Response Brief goes well beyond "respond[ing] to another party's objections[.]" FED. R. CIV. P. 72(b)(2). This is not confined to a few sentences, but rather comprises a significant portion of their argument. *See* Ex. A (highlighted portions). This is not authorized under the plain language of Rule 72, which limits response briefs, and the offending portions should therefore be stricken by this Court.

The superfluous argument is not harmless, to either the spirit of Rule 72 or Plaintiff. As explained in the previous section, the specificity requirement serves a critical role in promoting the judicial economy that is the policy underlying Rule 72. By rehashing its motion to dismiss briefing on issues beyond the scope of the F&R, Defendants are "thereby making the initial reference to the magistrate useless." *Howard*, 932 F.2d at 509. The superfluous argument is also prejudicial to Plaintiff, who is not permitted under Rule 72 to respond (and was not permitted to address in her opening objection, given the specificity requirement). Since no reply memorandum is contemplated, a 'generalized' response brief that goes beyond responding to the other party's specific objections creates a scenario where one party may present arguments to which the other party is denied the opportunity to respond. As noted above, at least one argument was not even made at the motion to dismiss stage.

Accordingly, Plaintiff requests that the highlighted portions of Exhibit A be stricken from the record.

**C.      Defendants' Response Brief Improperly Raises Untimely and/or Non-Specific Objections, which Should be Stricken**

Defendants' Response Brief improperly raises objections to the F&R that are untimely and/or non-specific. As noted above, the Response Brief contains specific objections to the F&R with respect to the reasonable consumer standard and express preemption. *See supra* pp. 7-8. Under Rule 72, these objections should have been filed within the time limitations imposed by Rule 72, which would have further provided Plaintiff with an opportunity to respond. Here, Defendants failed to comply with Rule 72, prejudicing Plaintiff. These portions should be stricken from Defendants' brief, and should not be afforded *de novo* review by this Court.

Further, Defendants rehash the same arguments from their motion to dismiss briefing on issues never resolved by the Magistrate. *See supra* pp. 6-7. This violates the limitations imposed on Rule 72 briefing that objections be specifically tied to findings or legal conclusions of the Magistrate. At the very least, as some cases contemplate (*see* Section III(A) herein), Defendants could have raised them in its their own objection, which would have at least given Plaintiff the opportunity to respond. Thus, these portions of the brief should be stricken as containing objections that are non-specific and/or untimely.

**D.      Alternatively, Because Plaintiff is Prejudiced, Plaintiff Requests Leave to File a Reply Brief**

Alternatively, if the Court opts not to strike the disputed portions from Defendants' Response Brief, Plaintiff respectfully requests leave to file a reply brief. As alternative relief, a reply is warranted to avoid prejudice to Plaintiff by allowing her to respond to Defendants' arguments that were outside the scope of Plaintiff's objections. As noted above, these include arguments not even presented to the Magistrate, arguments that were altered or expounded upon

in light of the F&R, and Defendants' own objections to the F&R's findings. *See, e.g., Heuser v. Wood*, No. 99-884, 2000 WL 36739825, at *7 (D.N.M. June 6, 2000) (finding that Rule 72 does not permit replies without leave of Court, but granting plaintiff motion to file reply).

## IV.    CONCLUSION

For all of the aforementioned reasons, Plaintiff's Motion should be granted. Alternatively, Plaintiff requests leave to file a reply memorandum to alleviate any prejudice suffered by Plaintiff.

November 26, 2021                    Respectfully submitted,

**PIUCCI LAW, LLC**


By:  /s/ Joe Piucci
      Joe Piucci (OSB # 135325)
      joe@piucci.com
      Stephen Piucci (OSB # 821056)
      steve@piucci.com
      900 SW 13th, Suite 200
      Portland, OR 97205-1707
      Tel: (503) 228-7385
      Fax: (503) 228-2571
      *Lead / Local Counsel*

      *and*

      **MILSTEIN JACKSON FAIRCHILD
      & WADE, LLP**
      Gillian L. Wade (*pro hac vice*)
      gwade@mjfwlaw.com
      Sara D. Avila (*pro hac vice*)
      savila@mjfwlaw.com
      Marc A. Castaneda (*pro hac vice*)
      mcastaneda@mjfwlaw.com
      10250 Constellation Blvd., Suite 1400
      Los Angeles, CA 90067
      Tel: (310) 396-9600
      Fax: (310) 396-9635

      *and*

      **CASEY LAW FIRM, LLC**
      M. Ryan Casey (OSB # 152824)
      ryan@rcaseylaw.com
      PO Box 4577
      Frisco, CO 80443
      Tel: (970) 372-6509
      Fax: (970) 372-6482

      *Counsel for Plaintiff*

**LR 7-1 CERTIFICATION**

I certify that on November 23, 2021, the parties conferred via telephone regarding the subject of Plaintiff's Motion in an effort to resolve this dispute, but were unable to do so.

/s/ Joe Piucci
Joe Piucci (OSB # 135325)

**CERTIFICATE OF SERVICE**

I certify that on November 26, 2021, this document was served on all parties of record via email through the Court's CM/ECF system.

/s/ Joe Piucci
Joe Piucci (OSB # 135325)